T. M. ARGALL and others v. OLD NORTH STATE INSURANCE COMPANY.

*Insurance—Notice of Loss—Waiver.*

1. Notice to the local agent of a fire insurance company, by whom the insurance was effected, in a few days after such loss, and by him communicated immediately to the company, satisfies the requirement of the policy that persons sustaining loss should "forthwith" give notice thereof to the company.

2. Where, shortly after the fire, the adjuster of the company visits the scene of the casualty, inspects the premises and makes a (declined) offer of compromise, and afterwards the company furnishes to the assured blank proofs of loss, which are filled up in the presence of its officers, it is not error to leave it to the jury to infer, in the exercise of their best judgment, a waiver of strict proof of loss.

(*Collins* v. *Ins. Co.*, and *Willis* v. *Ins. Co.*, 79 N. C., 279 and 285, cited and approved.)

CIVIL ACTION tried at Fall Term, 1880, of JOHNSTON Superior Court, before *Avery, J.*

This action was brought to recover the amount of a policy of insurance issued by defendant company, and the jury rendered a verdict in favor of plaintiff and the defendant appealed.

*Messrs. Reade, Busbee & Busbee,* and *A. M. Lewis,* for plaintiffs.

*Messrs. Merrimon, Fuller & Fuller,* for defendant.

SMITH, C. J. The findings of the jury upon the series of issues submitted to them leave but two exceptions to be passed on in this appeal from the ruling of the court:

1. The sufficiency of the notice of loss, and
2. The sufficiency in form and time of the proof of loss.

The clauses in the policy out of which the points in dispute arise are as follows: " Persons sustaining loss or damage by fire shall forthwith give notice of such loss to the company, and, as soon after as possible, render a particular account of such loss, signed and sworn to by them, stating whether any and what other insurance has been made on the same property, giving copies of the written portion of all policies thereon, also the actual cash value of the property, and their interest therein; for what purpose and by whom the building insured, or containing the property insured, and the several parts thereof, were used at the time of the loss; where and how the fire originated; and shall also produce a certificate, under the hand and seal of a magistrate or notary public (nearest to the place of the fire, not concerned in the loss, as creditor or otherwise, nor related to the assured), stating that he has examined the circumstances attending the loss, knows the character and circumstances of the assured, and verily believes that the assured has, without fraud, sustained loss on the property insured to the amount which such magistrate or notary public shall certify."

"The use of general terms, or anything less than a distinct specific agreement, clearly expressed and endorsed on this policy shall not be construed as a waiver of any printed or written condition or restriction thereon.   And it is mutually understood and agreed by and between this company and the assured, that this policy is made and accepted in reference to the foregoing terms and conditions, which are hereby declared to be a part of this contract, and are to be used and reverted to, in order to determine the rights and obligations of the parties hereto in all cases not herein otherwise specially provided for in writing."

The facts testified to and upon which the alleged erroneous rulings were predicated are summarily these:

The fire occurred on the night of the 18th of March, 1879, and the next day a messenger was sent by Flowers, the plaintiff, to one Kirkman, the agent of the company by whom the insurance had been effected and residing nearest to the place of the fire, to give him information of the fact and to request him to communicate to his principal.   A few days later, Flowers met with Kirkman at Smithfield, his residence, and twelve miles distant, and informed him of the nature and extent of the loss, and Kirkman told him he had received the message and had communicated it to the defendant and requested that the general agent and adjuster of the company should be sent out to adjust the loss.

Early in April the general agent and adjuster came out, inspected the premises, made inquiry as to the nature and extent of the damage, such as he deemed proper, was handed such invoices of goods as the insured had preserved, took a detailed statement and estimate of the articles destroyed, and offered to pay $400 in satisfaction of the damages.   No additional statement or proof of loss was asked, and on leaving, the adjuster requested Flowers to write and procure duplicate bills of goods in place of those which could not be found.   Subsequently the defendant company,

or some one in its behalf, wrote to Flowers to send or bring such duplicates as had been received and he thereupon went to the company's place of business at Warrenton, on July 15th, and was furnished with printed forms of proofs of loss which the company used, to be filled up. The forms were accordingly filled with the required information, signed and sworn to, and handed to and accepted by the proper officers of the company without objection or complaint. The defendant afterwards refusing to pay, this action is brought by the assured and the co-plaintiffs his assignees to recover for the loss sustained.

The defendant's counsel insisted that the question of notice under the terms of the policy, and its legal sufficiency, were questions for the court to determine. The court ruled that if the testimony as to the facts was accepted as true, a question of law would arise which the court must determine; if not, the evidence would be submitted to the jury, and the law declared according to their findings. The counsel refused to admit the testimony of the witness to be true, and declared his purpose to impeach his credit. The course of His Honor in this was correct.

The defendant's counsel contended that upon the evidence, neither the notice of the fire, nor the proof of loss, had been given in conformity with the requirements of the policy, and these being essential conditions to fix the liability of the defendant, the plaintiffs could not maintain their action and asked the court so to instruct the jury. The refusal of the court to give the instruction was in our opinion entirely proper.

The notice of the fire given by a verbal messenger the next day to the insuring agent, and by him communicated to the defendant, was both in time and form sufficient. The policy does not require it to be in writing or the information conveyed in any special or formal manner. It is only essential that the fact be made known to the company forth-

with, that is, in a reasonable time under the circumstances after the fire occurred.

"The notice need not be in writing," says an eminent author on the law of insurance, "unless expressly so stipulated; nor need the insured go to the office nor to the agent of the insurers for the purpose of giving the notice." May on Ins., § 461. "A notice from the local agent of the company, upon information communicated to him by the assured, is sufficient." *Ibid.*, § 463. "If the notice be required to be *forthwith* or as *soon as possible* or immediately, it will meet the requirement if given with due diligence under the circumstances of the case and without unnecessary or unreasonable delay. Thus, notice within eight days after the fire and within five days after it came to the knowledge of the insured has been held to be reasonable." *Ibid.*, § 462.

We think His Honor also properly left it to the jury upon the evidence to infer a waiver of a strict compliance with the requirements of the policy.

"It is in their (the company's) option to waive any delinquency on the part of the insured" in giving proof of loss, and such a waiver will be inferred from any conduct on the part of the insurers, clearly inconsistent with an intention to insist upon a failure to give due notice." *Ibid.*, § 464.

We do not deem it necessary to pursue an investigation of the numerous cases decided in other states to which our attention was directed in the argument bearing upon the question as to what acts will amount to a waiver and dispense with a strict observance of this special provision in this policy, and we believe common in others, since the recent cases, *Collins* v. *Insurance Company* and *Willis* v. *Germ. & Han. Company*, reported in volume 79 of the Reports, settle the law in this state and fully support the rulings of His Honor.

In the former case a double insurance had been effected upon the same stock of goods, one of which was withdrawn and another substituted in its place by the common agent of both. The consent of the first insuring company to the second insurance was not endorsed on its policy as required and as essential to its continuing liability, and it was urged that this avoided the contract of insurance. The court held otherwise, and READE, J., delivering the opinion says : " There was evidence tending to show that the defendant knew of the substitution of one company for the other by its agent, and there was no complaint against it; and when the defendant was endeavoring to adjust the loss with the plaintiff, the *substitution was well known and no objection made;* and the only objection now made is the technical one that the change was not actually endorsed upon the policy," and he adds, " we are of opinion that the facts that the substitution was made *by the defendant's agent with the defendant's knowledge and no objection made upon the attempted adjustment or before action brought, are a waiver of the objection that it was not entered on the policy.* In the latter case, the same objections were made to a recovery which are relied on here, and we content ourselves with extracts from the opinion upon the two points. "That the plaintiff did not give immediate notice of the fire to the general agent of the defendant in New York. The facts in detail upon that point are that the plaintiff in a few days gave notice to the local agent of the defendant in Wilmington, N. C., and the local agent gave the notice to the general agent in New York, and thereupon the defendant sent an agent to the plaintiff to examine the matter. His Honor left these facts to the jury from which they might infer an acceptance of the notice sufficient. We think His Honor might have gone further and *charged the jury that these facts being true, there was notice.*"

Upon the second question, the sufficiency of the proof of loss, the court say : " The plaintiff's bills and invoices of

ARGALL *v.* INS. CO.

goods were burned so that he could not furnish the agent that evidence. But by mutual consent, the settlement was postponed until the plaintiff could get duplicates of his purchases. At the time agreed on, they met again, when being unable to agree they separated, and the agent returned to New York." No other evidence of loss was demanded, and a compliance with the precise terms of the policy not insisted on. "And it would seem," say the court, " that while they were treating about the loss and the plaintiff offered such evidence as was in his power, and it was unsatisfactory to the agent, he ought to have said in what it was unsatisfactory. Indeed we are to take it that the objections which he made then are the same as made now, and that they are frivolous."

We are unable to draw a distinction from the facts of the present case favorable to the defendant, and think those cases decisive. Nor can the rights of the plaintiff be forfeited by the provision that nothing less than a distinct specific agreement, clearly expressed and endorsed on the policy, "shall be construed as a waiver ; " for the endorsement of consent to the second insurance was as specifically required as was and is the precise mode of proving and authenticating the loss of which the defendant's conduct was a waiver, in those cases, and the general principle of law must in all such cases govern. It is the duty of the court to adhere to the doctrines enunciated in carefully and fully considered cases heretofore adjudged, unless the error is palpable, and acting upon this view, and approving those decisions we must declare the law to have been correctly administered, and affirm the judgment.

　　No error.　　　　　　　　　　　　　Affirmed.