L. H. HORNTHAL & BRO. v. WESTERN INSURANCE COMPANY.

*Insurance.*

1. The plaintiff applicant for insurance made an approximate estimate, from memory, of amounts of insurance then existing on the property, to the defendant company's agent, who reported a definite sum to the company; the agent had authority to act upon verbal statements, and a policy was issued; *Held,* that the representation was not false, and that plaintiff is not responsible for the error of the agent in his report to the company.

2. The agent's actual knowledge of the additional insurance in this case, is in law the knowledge of the principal, and a waiver of the requirement prohibiting other insurance without the written consent of the company.

(*Collins* v. *Ins. Co.,* 79 N. C., 279; *Argall* v. *Ins. Co.,* 84 N. C., 355, cited and approved).

CIVIL ACTION tried at Fall Term, 1882, of BEAUFORT Superior Court, before *Gilliam, J.*

The plaintiffs' action is upon a fire insurance policy issued by the defendant company upon a stock of goods subsequently burned, and the recovery is resisted upon the grounds:

1. There was a false representation, having the force of a warranty, that the amount of previous insurance on the property was twenty-four thousand dollars, while it was in excess of that sum.

2. There were insurances afterwards taken out on the same property in other companies, without the written endorsed consent of the defendant thereto.

The cause was referred by consent, to W. B. Rodman, to ascertain and report the facts, whose findings were to be final on them, and his conclusions of law subject to exception and review.

The facts found by the referee, so far as material to the present inquiry, are in substance as follows:

On June 6th, 1880, the plaintiffs, through one of the members of their firm, made application to one Montgomery, an agent of the defendant company, for additional insurance upon their stock of goods in the store at Plymouth, in the sum of two thousand dollars, stating at the time that there was other insurance of twenty-four thousand dollars, or thereabout, the policies for which were on deposit in New York with an insurance agent and broker, and he, the applicant, could not state the amount accurately; it might be less than that sum, or more, or even as much as thirty thousand dollars. The agent replied, "Be as accurate as you can as to the amount; as to the names of the companies, it makes no difference"; and the applicant said, "I think it is twenty-four thousand dollars."

The insurances then covering the property, as it was afterwards ascertained, were in value twenty-eight thousand seven hundred and ninety-one dollars.

On the same day, the same partners also applied to the said Montgomery, who was also agent for other companies, for insurance in two of them upon the same goods in an additional sum of two thousand dollars in each. The application for insurance in all these companies was entertained, and in a few days thereafter policies were issued by the defendant and by one of the other companies, and sent through the mail and received by the plaintiffs, and a few days later a policy from the remaining insurance company—each being in the same sum, and that of the defendant being the policy now in suit.

There was no written or printed application signed by the acting plaintiff for his firm, and the policies were procured by the agent and issued upon the verbal representations mentioned.

The goods at the time of insurance were worth fifty thousand

dollars; and when destroyed by fire on January 31st, 1881, were of the value of thirty-nine thousand three hundred and sixty dollars. Deducting therefrom the value of the goods saved and of those not covered by insurance, the actual loss on those insured amounts to thirty-five thousand nine hundred and fifty-six dollars and fifty-two cents.

The referee deduces as propositions of law applicable to the subject matter of controversy, as follows:

The plaintiffs' statement in respect to the amount of existing insurances was qualified and an approximate estimate from memory, and in its qualified sense is true. The error, in reporting to the defendant an absolute and definite sum, is that of the agent only, for which the plaintiffs are not responsible. The agent had authority to accept and act upon the verbal statement of the plaintiff, and his principal is bound thereby. The cotemporaneous applications to the common agent of the three insuring companies for separate policies of the same amount in each, and the subsequent issue and delivery of them thus known to the agent, are in legal effect known to the principal, and the action predicated upon this knowledge is a waiver of compliance with the clause in the policy which prohibits a subsequent insurance on the same property without the consent in writing of the company endorsed thereon. The plaintiffs are therefore entitled to judgment.

The defendant excepts to the several conclusions of law reported by the referee, and, his exceptions being overruled and judgment rendered for the plaintiffs, appeals to this court.

*Messrs. Pruden & Shaw* and *Jas. E. Moore*, for plaintiffs.
*Mr. Geo. H. Brown, Jr.*, for defendant.

SMITH, C. J., after stating the above. The clauses in the policy which, it is claimed, vitiates and annuls the contract of insurance upon the facts ascertained are these:

1. The application, plan, survey, or description of the property.

herein insured, referred to in this policy, shall be considered a part of this contract and a warranty by the assured during the time this policy is kept in force. * * * If the assured shall have or shall hereafter make any other contract of insurance, whether valid or not, on the property hereby insured, or any part thereof, without the consent of this company written hereon * * * * then in every such case this policy shall become void.

6. It is further understood and made part of this contract, that the agent of this company has no authority to waive, modify or strike from this policy any of its printed conditions, nor is his assent to an increase of risk binding upon the company, until the same is endorsed in writing on the policy, and the increased premium paid; nor, in case this policy shall become void by reason of the violation of any of the conditions hereof, has the agent power to revive the same. * * * * * * * *

The exception, based on the additional and alleged subsequent insurance in the two other companies represented by the agent, has no support in the facts ascertained and reported by the referee. The applications were simultaneous and all anterior to the issuing of the defendant's policy, and hence not within the scope of the inhibitory clause. But if the policies bore the relation of prior and posterior in the date of their issue, that of the defendant was issued and delivered to the plaintiffs with actual knowledge of the fact on the part of the agent, and constructive knowledge of his principal, and must be deemed to have been done with full assent to the proposed increase, and hence the company has waived a strict compliance with the requirements of this provision for forfeiture.

The citations made in the argument for the plaintiffs from that valuable treatise, May on Insurance, fully sustain this view.

A general agent, such as the referee finds Montgomery to have been in the transaction, represents his principal in it and may bind him by any act or agreement fairly within the apparent cope of his employment; and this, although there may have

been limitations put on his authority unknown to those with whom, in such capacity, he may have dealings. Thus he may bind his company by a parol contract, § 128; notice to him is notice to his principal, and his knowledge is the knowledge of the company, §§ 131, 132, 142, 143; Wood on Ins., §§ 394, 388; he may waive a forfeiture and dispense with what would otherwise cause it. May on Ins., § 136; Wood on Ins., §§ 391, 393.

A recent decision in the supreme court of the United States (*Insurance Co. v. Wilson,* 13 Wall., 222) is so direct and clear upon the point, that it seems wholly needless to search for other authorities in the state courts or in the works of elementary writers on the subject. This was a case of life insurance, and in answer to an inquiry as to the age and cause of death of the mother of the applicant, both himself and wife said that they neither of them knew at what age or from what disease the mother died. An aged woman present professed to know, and being questioned by the agent, stated that she, the deceased, was forty years of age and died from fever. This answer was entered in response to the inquiries by the agent, the applicant, and his wife, neither of them affirming the statement, nor assenting thereto, and the application containing this answer was afterwards signed by him. It was in proof that the mother died much earlier in life, and from consumption, and the company sought to avoid the contract of insurance for this false information upon which the policy issued.

We prefer to reproduce extracts from the able opinion of Mr. Justice MILLER upon the merits of this defence, rather than indulge in comments of our own upon it. Detailing the circumstances under which the information was obtained and inserted in the blanks of the signed application, he says, " it is clear that for the insurer to insist that the policy is void because it contains this statement, would be *an act of bad faith and of the grossest injustice and dishonesty.* And the reason for this is, that the representation was not the statement of the plaintiff, and that

the defendant knew it was not when he made the contract, and that it was made by the defendant who procured the plaintiff's signature thereto."

And again, in speaking of the attempt to make their own soliciting agents, the agents for many purposes of the assured, he continues: "But to apply this doctrine in its full force to the system of selling policies through agents, which we have described, would be a snare and a delusion, leading as it has done in numerous instances to the grossest frauds, of which the insurance companies receive the benefits, and the parties supposing themselves insured are the victims. The powers of the agent are *prima facie* co-extensive with the business intrusted to his care, and will not be narrowed by the limitations not communicated to the person with whom he deals. An insurance company, establishing a local agency, must be held responsible to the parties with whom they transact business, for the acts and declarations of the agent within the scope of his business, as if they proceeded from the principal."

The same doctrine thus forcibly declared has been adopted and announced by this court in the cases of *Collins* v. *Ins. Co.*, 79 N. C., 279, and *Argall* v. *Ins. Co.*, 84 N. C., 355.

The representations of the plaintiffs are not warranties in any sense which can infect and invalidate the contract. May, § 161. They simply express the opinion or memory of the partner, are in themselves but an approximate estimate of the amount of insurances, and, unless intentionally false, which is not suggested, cannot enter as a vitiating element in the contract of insurance. As such, the representation as to value was given and received, and the policy made out and delivered.

What has been said disposes of all the exceptions, and necessarily results in sustaining the conclusions of the referee and the rulings of the court in affirming them. There is no error, and judgment must be entered for the plaintiffs.

No error.　　　　　　　　　　　　　　　　Affirmed.