SCOTTISH FIRE INSURANCE COMPANY ET AL. v. STUYVESANT INSURANCE COMPANY.

(Filed 19 March, 1913.)

1. Insurance, Fire — Reinsurance—Identical Property—Reinsurer— Insurance Retained—Notice—Waiver.

When one insurance company reinsures a risk in another company with a provision in the policy that as a condition thereof the reinsured company "is to retain an amount of insurance on the identical property therein described," or the reinsurer company would not otherwise be liable, with the further statement that the reinsured company retains a certain specified amount of insurance "on same property," and it appears from the amount of insurance in force, stated on the policy, that this stipulation has not been and cannot be complied with, the reinsuring company, by accepting the policy, takes with notice, and waives the provisions thereof.

2. Insurance, Fire — Reinsurance—Actual Loss—Issues—Burden of Proof.

When a fire insurance company has issued a policy on a certain structure and its contents, and has reinsured a part of the risk with another company, and, having paid a loss by fire on the property, seeks to recover on the reinsurance contract, it is necessary for it to show that the identical property covered by the policy sued on has been damaged or destroyed, and an issue as to the actual loss thereon should be framed, with the burden of proof on the plaintiff, except in instances of a valued policy permitted by law.

3. Insurance, Fire—Reinsurance—Actual Loss—Identical Property— Evidence.

The plaintiff insurance company sued to recover for a loss by fire it had paid under a reinsurance contract containing a provision that it should retain a certain amount of insurance on the identical property covered by the policy, which it did not do, and which, under the surrounding circumstances, the reinsurer is found to have waived: *Held,* the evidence was properly confined to the loss sustained on the property covered by the reinsurance policy sued on, and the stipulation as to the insurance to be retained cannot be extended to property not covered by the policy, although in the same house.

4. Insurance, Fire—Proofs of Loss—Evidence and Damages.

In an action to recover damage sustained to property which was covered by a policy of fire insurance issued by defendant

company, the proofs of loss are not competent as substantive evidence of the amount of the loss or the value of the property.

APPEAL by plaintiff from *Lyon, J.*, at March Term, 1912, of MECKLENBURG.

This action was brought by the plaintiffs, the Scottish Fire Insurance Company and the Monongahela Fire Insurance Company, against the defendant, the Stuyvesant Insurance Company, to recover of the defendant, under policies of reinsurance, $702.87 and interest, money claimed to have been paid by it to Jasper Miller & Sons Company, the insured in the original policies. The plaintiff Scottish Fire Insurance Company had issued to Jasper Miller & Sons Company its policy No. 12109, for $1,400, on certain fixed and movable machinery, tools, implements and utensils, electrical equipment, motors and dynamos, while contained in their one-story metal-roof brick building, situated at No. 210½ south side of East Fifth Street, Charlotte, N. C., and also its policy No. 12102, for $500, on cotton in bales or bags, and other material, while contained in the same building. Thereafter this business of the Scottish Insurance Company was taken over by the Monongahela Insurance Company, but prior thereto the Scottish Insurance Company had reinsured with the defendant in an amount not to exceed $1,150 against loss by reason of its liability as insurer under its policy No. 12109, and in an amount not to exceed $250, against loss by reason of its liability as insurer under its policy No. 12102, the defendant's policies being numbered 63689 and 63690. The defendant accepted notice of the assumption of the Scottish Insurance Company's business by the other plaintiff, the Monongahela Insurance Company, and agreed to become and remain bound to the Monongahela Insurance Company, upon the same terms and conditions as they had theretofore been bound to the Scottish Insurance Company. The latter transaction was on 27 January, 1910. Attached to both of defendant's policies of reinsurance was the following written condition:

"It is a condition of this reinsurance that the reinsured company is to retain an amount of insurance on the identical prop-

erty herein described, and failing so to do, this company shall not be liable for any loss which may occur under this policy.

"Scottish retains $750 on same property."

The whole of this condition, in both instances, was type-written, except the figures following the dollar mark in the last line, these figures being written in ink at the time the policies of reinsurance were issued.

The plaintiffs, as a matter of fact, did not retain $750 insurance on the identical property in either instance, but, on the contrary, only retained and kept in force $250 insurance in each instance, on the identical property. The plaintiffs, how-. ever, did have in force at that time, and at the time of the fires hereinafter mentioned, other policies of insurance issued by them to Jasper Miller & Sons Company on other property in the building, and upon the building itself.

Thereafter, in the months of February and April, 1910, certain of the property located in the brick building was destroyed by fire, and the plaintiffs paid Jasper Miller & Sons Company certain sums of money, aggregating more than the amount sued on in this action, upon the various losses; the evidence offered by plaintiffs going to show a payment of $480 under policy No. 12102, $104.77 under policy No. 12109, and $442.65 under policy No. 12109.

Speaking generally, the plaintiffs' contentions are that by reason of the fact that they had policies in force with Jasper Miller & Sons Company covering other property in the brick building and covering the building itself, that, therefore, they retained ample insurance to cover the condition and agreement in the policies of reinsurance in regard to retaining $750 on the same property; that even if they did not have and retain $750 of insurance on the identical property in each case, the defendant had waived the condition. The defendant, on the other hand, contending that it was expressly. agreed in and as a condition of both the policies of reinsurance that it should not be liable for any loss which might occur under its policy of reinsurance, if the plaintiff companies failed to retain in each instance $750 of insurance on the identical property re-

insured in these policies of reinsurance; that the language of the contract was plain and unequivocal and could mean nothing else.

These issues were submitted to the jury, and answered as follows:

1. Were special contracts of insurance, mentioned in the complaint, issued by the defendant and delivered to the plaintiffs? Answer: Yes.

2. Did the defendant accept notice of reinsurance contract between the plaintiffs and continue in force all contracts of reinsurance previously issued to the Scottish Fire Insurance Company, in the name of and for the benefit of the Monongahela Insurance Company, according to the terms of said contracts? Answer: Yes.

3. Did the fires occur and were payments made to the original assured named in the Scottish Fire policies, as alleged in the complaint under these policies, Nos. 12102 and 12109? Answer: Yes.

4. Were the special contracts of insurance mentioned in the complaint voided by reason of any misrepresentations or breach of warranty on the part of the plaintiffs, as alleged in the answer? Answer: No.

5. Is the defendant indebted to the plaintiff? If so, in what amount? Answer: $475.83.

Judgment was entered upon the verdict, that plaintiffs recover of defendant the sum of $475.83 and interest, and both parties appealed.

*J. F. Flowers* for *plaintiff.*
*Clarkson & Duls* for *defendant.*

### DEFENDANT'S APPEAL.

WALKER, J. This appeal raises the question whether the policies of the defendant were void by reason of the fact that the plaintiff the Scottish Fire Insurance Company failed to retain $750 of insurance on the identical property insured by the defendant. It is plain, as it appears to us, that defendant must have known all along that the plaintiff had not retained

$750 of insurance in each case or in either case. We do not see how it was possible to do so, as the total insurance was only $1,900, whereas if plaintiff had complied with the provision as to the retention of insurance, it must have amounted to $2,900 under the two policies, as the clause was inserted in each of the policies. It may be that the amount to be retained was intended to be $250, instead of $750, but it makes no difference how this is, as the defendant is charged with notice that the plaintiff had not complied with the stipulation. This is a waiver of it. It was held in *Hornthal v. Insurance Co.,* 88 N. C., 71, that a material fact stated as to additional insurance on the same property insured by defendant, with knowledge of its agent that the fact was not truly stated, was a waiver of the requirement prohibiting other insurance without the written consent of the company, citing *Insurance Co. v. Wilson,* 13 Wall. (U. S.), 222. And in a case where there had been a substitution of one company for another as an insurer, or one of the insurers, with the knowledge of the defendant, through its agent, of the fact, and without any objection thereafter, it was held to be a waiver of the change in the insurance and the requirement that it should have notice thereof (*Collins v. Insurance Co.,* 79 N. C., 279), the Court saying, by *Justice Reade:* "The breach of any condition in the policy as against an increase of risk or the keeping of certain hazardous goods, or indeed the violation of any of the conditions of the policy may be waived by the insurer, and a waiver may be implied from the acts and conduct of the insurer after knowledge that such conditions have been broken." *Argall v. Insurance Co.,* 84 N. C., 355, which holds that a breach of a condition in the policy will not avoid it, if the insurer has knowledge thereof, and does not object, in which case the breach is considered as waived.

The defendant further objects to the form of some of the issues, but as they can be reformed, if required, at the next trial, it is not necessary to consider this exception, except as to one of the issues, that is, the third. Defendant objects to this issue because it does not include any inquiry as to the amount of the actual loss or damage to the identical property insured.

The third issue may not be objectionable for this reason, but there should be an issue and a finding as to the actual loss of the Scottish Fire Insurance Company. The right of recovery is based upon a loss by it. There is no issue bearing upon this question, and we doubt if there is any evidence of the fact of loss. But actual loss must be shown, as the reinsurance is as much a contract of indemnity in this respect as the original insurance. "In ordinary cases of reinsurance the reinsured, in order to recover on the contract, is obliged to prove the subject at risk and the loss thereof in the same manner as if the first insured were the plaintiff and the action were upon the original policy. The reinsured must show that a claim exists against him for the loss, and the claim is valid. Where the reinsured has paid the loss he cannot by showing the mere fact of payment establish a sufficient proof of the loss and thereby place upon the reinsurer the burden of showing that the loss was wrongfully paid. In respect to these requirements, no distinction exists between reinsurance and original insurance." 24 Am. and Eng. Enc. of Law (2 Ed.), 263; R. R. v. Insurance Co., 98 Mass., 420; 117 U. S., 323, and cases cited; Insurance Co. v. Telfair, 45 App. Div. (N. Y.), 564. And again: "In ascertaining the amount recoverable on the contract of reinsurance, the amount which the reinsured has actually paid to discharge his liability to the original insured is not material, unless, of course, the contract of reinsurance otherwise provides; in brief, the material inquiry is, not what the reinsured has paid, but what he has become liable to pay by reason of the loss." 24 Am. and Eng. Enc. of Law, p. 265.

It is incumbent on the plaintiff, the insured, in an action on a policy of fire insurance, to prove the amount of his loss or damage, and that it was due to fire within the provisions of the policy, and, except where it is not a valued policy permitted by law, he must prove the value of the property destroyed, or of his interest therein (19 Am. and Eng. Enc., 938, and cases in notes), unless the amount of the loss is admitted.

There was error, therefore, in not having this fact, as to the amount of the loss, found by the jury, and we therefore order

a new trial in the defendant's appeal. The policy provides for the method of computing the defendant's share of the loss, when ascertained.

New trial.

PLAINTIFF'S APPEAL.

WALKER, J. This appeal was taken to review the court's ruling, by which the losses alleged to have been paid by plaintiff were confined to those which were sustained under policies No. 12102 and No. 12109, and by which also plaintiff was prevented from showing that it had issued policies of insurance on other property in the building not covered by policies 12102 and 12109. We do not see any error in this ruling, as the two policies, 12102 and 12109, only covered the property therein particularly described, and could not be extended so as to include other property, and the clause in the policy requiring the Scottish Fire Insurance Company to retain a portion of the risk is restricted, by it explicit terms, to insurance upon the identical property described therein. As we have said in defendant's appeal, the plaintiff was required to prove that the said property, that is, the identical property insured, had been injured or destroyed by fire, and the amount of the loss, in like manner as Miller Sons Company would have been required to do if they had been suing the Scottish Company on their policies, the mere fact that a fire occurred and that plaintiff paid a certain sum to Miller Sons Company not being a sufficient finding upon which to base a judgment. The proofs of loss are not competent evidence as to the amount of the loss or the value of the property. 19 Am. and Eng. Enc. of Law, 948; *Insurance Co. v. Gould,* 80 Ill., 388; *Rosenberg v. Insurance Co.,* 209 Pa. St., 336; *Neesey v. Insurance Co.,* 55 Iowa, 604; *Insurance Co. v. Doll,* 35 Md., 89; *Breckinridge v. Insurance Co.,* 87 Mo., 62. The proof is only evidence of the fact that it was furnished to the company.

The policies 63689 and 63690 of the defendant reinsured the property covered by policies 12102 and 12109, which had been previously issued by the plaintiff Scottish Fire Insurance Company to Miller Sons Company, and it was only for the loss

of this property that defendant contracted to be liable to the plaintiff when the reinsurance was effected, and the inquiry was properly confined to it by the court.

No error.