COLUMBIAN NATIONAL FIRE INSURANCE CO. *v.* PITTS-
BURGH FIRE INSURANCE CO.

1. EVIDENCE—BOOKS OF RECORD REQUIRED TO BE KEPT NOT STRICTLY
PRIVATE RECORDS.
     In an action on a contract for reinsurance, where the con-
tract provided that plaintiff should keep a record of the
transactions which should be open for defendant's in-
spection at any time, and in case of any question arising
said books and records should serve as evidence and proof
thereof, they were not strictly the private records of one
party, and their admission in evidence was, therefore, not
reversible error.[1]

2. CONTRACTS—REINSURANCE—APPARENT ERRORS SHOULD BE AD-
JUSTED UNDER TERMS OF CONTRACT.
     Violations of a reinsurance contract by way of cessions
to defendant of portions of risk in excess of contract limi-
tation and failure of plaintiff to retain stipulated parts of
the risks which should have been readily apparent to both
parties from their own records should be readjusted in
accordance with the remedy provided therefor in the con-
tract.[2]

3. SAME — WILFUL VIOLATIONS NOT DISCERNIBLE CONSTITUTED
FRAUD.
     Violations of said contract which could not have been
discerned by defendant from the information furnished it
by plaintiff, if done with intent to defraud rather than
through mere inadvertence, rendered said reinsurance
void, and payments of losses thereon, without knowledge
of the fraud, could, under proper pleading, be recovered.[3]

4. PLEADING—NOTICE OF FRAUD SUFFICIENT.
     Where, in an action on a contract for reinsurance, defend-
ant, with its plea of the general issue, gave notice that
it would show that plaintiff had fraudulently and falsely
misrepresented to it the amounts of insurance which it
had retained, and that defendant had thereby sustained
losses which it would seek to recoup in this cause, said

---

[1]Fire Insurance, 26 C. J. § 187; [2]Id., 26 C. J. § 187 (Anno);
[3]Id., 26 C. J. § 187 (Anno).

notice was sufficient, where supported by evidence, to take the issue of fraud to the jury.[4]

5. CONTRACTS—FIDUCIARY RELATIONS—FRAUD.

Since plaintiff and defendant were not dealing at arms' length but under a contract, a fiduciary relation existed demanding fairness, and if plaintiff intentionally deceived defendant it constituted a fraud in the eyes of the law, and defendant could recover therefor notwithstanding the contract provided a remedy for readjusting inadvertent discrepancies.[5]

Error to Ingham; Carr (Leland W.), J.    Submitted June 10, 1926.    (Docket No. 54.)    Decided October 4, 1926.

Assumpsit by the Columbian National Fire Insurance Company against the Pittsburgh Fire Insurance Company under a contract for reinsurance.    Judgment for plaintiff.    Defendant brings error.    Reversed.

*Cummins & Miles,* for appellant.

*Thomas A. Lawler,* for appellee.

WIEST, J.    This suit involves liability of defendant company for losses paid by plaintiff under fire insurance policies in part indemnified by reinsurance with defendant and also adjustment expenses and stipulated percentage of premiums arising out of a contract between the parties.    The material parts of the contract are as follows:

"Article 1. The Columbian National undertakes to cede to the Pittsburgh and the Pittsburgh Fire agrees to reinsure, subject to the terms and conditions of this agreement, not to exceed two surplus lines (excess amount above the Columbian National's own net retention) in all Western Union territory; not to exceed one surplus line in all Eastern Union territory (exclud-

---

[4]Fire Insurance, 26 C. J. § 187; [5]Id., 26 C. J. § 187 (Anno).

ing New York City) and not to exceed one line in all other territory in which the Columbian operates, exclusive of Pacific Coast Department, arising under fire and tornado policies issued or accepted by and which the Columbian National may desire to cede on risks situated in the above described territory.

"Article 2. The amount of reinsurance ceded to the Pittsburgh shall in no case and at no time exceed the proportionate amount retained by the Columbian National as its own liability on the same risk as designated in Article 1.

"If in case of a loss, it shall appear that through oversight, errors or inadvertence this stipulation has not been complied with, then the amount ceded to the Pittsburgh shall be reduced in such a manner that its liability shall not exceed the proper proportionate liability of the Columbian National for own account. In no case shall the Pittsburgh be called upon to pay more than the proper proportionate amount so prescribed in Article 1 which the Columbian National has retained for its own account under all its policies on the same risk. * * *

"Article 8. The Columbian National at its home office in Detroit (Lansing), Michigan, will keep cession registers (*i. e.* bordereaux) for the purpose of entering and recording therein the amount and other particulars of risks ceded to the Pittsburgh and the date at which each reinsurance entry is made therein; complete copies of advice (*i. e.* bordereaux) of all reinsurance effected to be mailed to the office of the Pittsburgh in Indianapolis, within 24 hours from the date of entry. * * *

"In the event of any question arising as to the date of entry and or mailing, the records and books of the Columbian National shall serve as evidence and proof. * * *

"Article 10. The Pittsburgh may, at all reasonable times, inspect at the office of the Columbian National, the daily reports, books, maps, surveys, ratings and other documents appertaining to the business under this agreement. * * *

"It is hereby declared and agreed that errors and omissions inadvertently made under this agreement in describing any risk to the Pittsburgh, shall not invalidate the liability of the Pittsburgh."

As stated in the brief of defendant's attorneys:

"Shortly after the contract was entered into certain modifications were agreed upon by correspondence, and as thus modified the contract provided: That in so-called Western Union territory the Columbian National Company's right to effect reinsurance with the Pittsburgh Company was limited to twice the amount of the risk retained by the Columbian National on the same property; and in the so-called Eastern Union and all other territory was limited to an amount equal to the amount at all times retained by the Columbian Company. In other words, in Western Union territory the Columbian National was required at all times to carry at least half as much of the risk as was ceded to the Pittsburgh, and in all other territory an equal amount of the risk with the Pittsburgh. Although the Columbian National might, of course, effect reinsurance with other companies this was always to be done with due regard to these provisions of the reinsurance contract."

Plaintiff had judgment and defendant reviews by writ of error.

Error is assigned upon the admission of plaintiff's books and records. The contract provided that plaintiff keep records open to inspection at the will of defendant, and from such records information should be given defendant. When records are so kept under contract provision they are not strictly private records of one party and, in subsequent litigation between the parties, may be introduced by either party for what they are worth. In the case at bar the records so kept by plaintiff were produced at the trial, claimed to be accurate, with confessed modifications, however, as to credits, and, over the objection of defendant, were received in evidence. In view of the contract, we think the records were admissible, leaving correction of errors therein to the proofs, and, in any event, we feel the admission thereof did not constitute reversible error in the sense of a miscarriage of justice. Defendant was not in position to invoke the

strict rule relative to shop books and books of account.

When losses occurred and defendant's liability as reinsurer was invoked, there were errors inexcusably committed. · Plaintiff's records show repeated violations of the reinsurance contract by way of cessions to defendant of portions of risks in excess of contract limitation and failure of plaintiff to retain stipulated parts of risks. The violation of the contract, by way of excess cessions to defendant, should have been readily apparent to both parties from their own records, and we may well leave them to the remedy of readjustment in accordance with the terms of the contract. See *Scottish Fire Insurance Co.* v. *Stuyvesant Insurance Co.,* 161 N. C. 485 (76 S. E. 728). Violations, by way of cessions to defendant and other reinsurers, in breach of the contract requirement of retention of proportionate risk by plaintiff, could not have been discerned from information furnished defendant, and, if done with intent to defraud rather than through mere inadvertence, then reinsurance so procured from defendant was in each instance void, and payments of losses thereon, without knowledge of the fraud, could, under proper pleading, be recovered. Under plea of the general issue there was the following notice:

"Defendant will further show that plaintiff has repeatedly and knowingly broken the terms of Articles 1 and 2 of the contract set forth in plaintiff's declaration, by ceding to defendant for reinsurance, amounts largely in excess of the amounts which plaintiff was entitled under the terms of said contract to cede to said defendant. And where losses occurred on said risks so wrongfully ceded to defendant plaintiff fraudulently and falsely represented to defendant that the amounts of plaintiff's net retentions on said risks were in accordance with the terms of said contract, when, in fact, its net retentions were either less than so represented to be or plaintiff had retained no portion thereof

as its own risk, thereby inducing the defendant, who relied on the terms of said contract and plaintiff's duty to faithfully observe and perform the same and on said representations, to pay to said plaintiff said losses and to pay to said plaintiff adjustment expenses thereof, which said losses and adjustment expenses so paid defendant at the trial of this cause will recoup against plaintiff and claim judgment therefor."

The evidence at the trial in support of the notice was received without objection, but the circuit judge, *sua sponte*, instructed the jury that the defense of fraud was not available under the notice, and left all disclosed errors to be adjusted as though inadvertent. At the close of such instruction counsel for defendant, while not conceding insufficiency of the notice, asked leave to amend, inasmuch as the proof on the subject was all before the jury. This was refused, and error is assigned on the instruction given and the refusal to permit amendment. Counsel for defendant insist the notice was sufficient, and, even if not technically adequate, the court was in error in not permitting an amendment sending the issue of fraud, under the proof in the case, to the jury. Counsel for plaintiff contends the court was right, in point of law, in holding the notice insufficient and also exercised an unreviewable discretion in refusing leave to amend.

We think the notice, as pleaded, was sufficient to send the question of fraud to the jury. The parties were not dealing at arms' length. Under the contract plaintiff occupied a fiduciary position demanding fairness, and open disclosure of all reinsurance reducing its agreed retention of risks, and if its failure to disclose was intentional it constituted a fraud in the eye of the law. Defendant had a right to go to the jury on the issue of fraud. Defendant's request to charge along such line should have been given.

Reversed with a new trial, with costs to defendant.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.